# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| BERNARD RAY RICHARDSON, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:14cv00470 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| GRIEVANCE COORDINATOR, *et al.*, | ) | By: Michael F. Urbanski |
|     Defendants. | ) | United States District Judge |

Bernard Ray Richardson, a Virginia inmate proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against the Doctor, Grievance Coordinator, Mailroom Supervisor, Business Office Supervisor, and Warden of Red Onion State Prison ("ROSP"). Richardson alleges claims concerning his medical treatment, the grievance procedure, his access to courts, and a conspiracy against him. Having reviewed Richardson's complaint, the court finds that Richardson's allegations fail to state a cognizable claim and, therefore, dismisses his complaint without prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

## I.

Richardson arrived at ROSP on July 15, 2014 and, two days later saw the Doctor. Richardson claims that the Doctor knew that Richardson had a "serious history" of degenerative disc disease, including three prior surgeries but, that, at the appointment, the Doctor "refused" to order an MRI on Richardson's neck and back despite Richardson's complaints that he was in "serious severe pain" and that his left arm and hand were "losing feeling." Richardson argues that he is in danger of physical paralysis from the neck down because the doctor refused to order the MRI.

Richardson also alleges that although he submitted an "informal grievance complaint" concerning the Doctor's refusal to order an MRI, the Grievance Coordinator told Richardson a

"deliberate[] blatant[] racist lie" by saying that the grievance department did not receive Richardson's "informal grievance complaint."  According to Richardson, the Mailroom Supervisor stated that the mailroom staff "did deliver the informal [grievance] complaint to the department it was addressed to."

Richardson also claims that the Mailroom Supervisor "blatantly and knowingly" lied about the "whereabouts" of Richardson's mail that he had sent to this court.  Richardson argues that this "lie" "turned out to be a racially motivated conspiracy to deprive Mr. Richardson of fundamental adequate medical treatment and block Mr. Richardson['s] access to" the federal court.

Richardson also alleges that the Business Office Supervisor and Warden are also "major players in this conspiracy."  In support of this allegation, Richardson states that the Business Office Supervisor refused to process his "legal mail postage money withdrawal form" and the Warden was aware that Richardson was being "deprived" of medical treatment and denied access to the grievance system, but did "absolutely nothing to stop it."

## II.

Richardson's allegations concerning his medical treatment fail to state a cognizable constitutional claim.  To state a cognizable Eighth Amendment claim for denial of medical care, a plaintiff must allege facts sufficient to demonstrate that jail officials were deliberately indifferent to a serious medical need.  Estelle v. Gamble, 429 U.S. 97, 105 (1976); Staples v. Va. Dep't of Corr., 904 F.Supp. 487, 492 (E.D.Va. 1995).  A "serious medical need" is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."  Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008).  A prison official is "deliberately indifferent" only if he "knows of and

disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994). A claim concerning a disagreement between an inmate and medical personnel regarding diagnosis or course of treatment does not implicate the Eighth Amendment. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985); Harris v. Murray, 761 F. Supp. 409, 414 (E.D. Va. 1990).

Richardson acknowledges that he has been seen and evaluated by the Doctor. Richardson does not allege that the Doctor ordered no treatment, ignored Richardson's complaints of pain, or denied any other medical care other than the MRI. Richardson also does not allege that any doctor has indicated that Richardson needs an MRI. Although Richardson may disagree with the Doctor's determination concerning an MRI, his claim is nothing more than a doctor-patient disagreement, which is not actionable under the Eighth Amendment. Accordingly, the court finds that Richardson has failed to state a constitutional claim and will dismiss his claim without prejudice.

### III.

Richardson's allegations concerning the missing "informal grievance complaint" fails state a cognizable constitutional claim. An inmate has no constitutional right to participate in grievance proceedings. Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994). Accordingly, the court finds that Richardson's allegation does not rise to the level of a constitutional violation and, therefore, will dismiss this claim.

### IV.

Richardson's allegation that he was denied access to the court fails to state a cognizable constitutional claim. Inmates have a constitutional right to reasonable access to the courts. See Lewis v. Casey, 518 U.S. 343, 351-53 (1996); Bounds v. Smith, 430 U.S. 817, 838 (1977); Ex parte Hull, 312 U.S. 546 (1941). The right of access to the court "is ancillary to the underlying

claim, without which a plaintiff cannot have suffered injury by being shut out of court." Christopher v. Harbury, 536 U.S. 403, 415 (2002). Thus, in order to state a constitutional claim of denial of access to the courts, a plaintiff must allege specific injury resulting from the alleged denial. See Lewis, 518 U.S. at 349 (holding that an inmate alleging denial of access to the courts must be able to demonstrate "actual injury" caused by the policy or procedure in effect at the place of incarceration in that his non-frivolous legal claim had been frustrated or was being impeded); Michau v. Charleston Co., 434 F.3d 725, 728 (4th Cir. 2006) (finding *sua sponte* dismissal appropriate where the plaintiff did not explain how he was injured by any limitations on his access to a law library). Plaintiff must make specific allegations as to the actual injury sustained. See also Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir. 1996) (plaintiff failed to identify any actual injury resulting from official conduct); Strickler v. Waters, 989 F.2d 1375, 1384 (4th Cir.1993) (Prisoner had a "basic requirement that he show specific harm or prejudice from the allegedly denied access.").

In this case, Richardson has not alleged any specific injury resulting from his mail being misplaced or mishandled.[1] Accordingly, the court finds that Richardson has not alleged a constitutional claim of denial of access to the courts and, thus the court will dismiss his claim.

V.

Richardson's allegation that the defendants conspired to deprive him of medical treatment fails to state a cognizable constitutional claim. To establish a civil conspiracy under

---

[1] Moreover, isolated incidents of mail mishandling, while not to be condoned, do not rise to the level of a constitutional violation. See Pearson v. Simms, 345 F. Supp. 2d 515, 519 (D. Md. 2003) (aff'd, 88 F. App'x 639 (4th Cir. 2004)) (holding that "occasional incidents of delay or non-delivery of mail" are not actionable under § 1983); Davis v. Goord, 320 F.3d 346, 351 (2d Cir. 2003) (noting that "an isolated incident of mail tampering is usually insufficient to establish a constitutional violation."); Gardner v. Howard, 109 F.3d 427, 430-31 (8th Cir. 1997) (holding that isolated, inadvertent instances of legal mail being opened outside of an inmate's presence are not actionable); Bryant v. Winston, 750 F. Supp. 733, 734 (E.D. Va. 1990) (holding that an isolated incident of mail mishandling, which is not part of any pattern or practice, is not actionable under § 1983).

4

§ 1983, a plaintiff must present evidence that the defendants "acted jointly in concert and that some overt act was done in furtherance of the conspiracy" which resulted in plaintiff's deprivation of a constitutional right. Hinkle v. City of Clarksburg, 81 F.3d 416, 421 (4th Cir. 1996). Plaintiff has "a weighty burden to establish a civil rights conspiracy. While [he] need not produce direct evidence of a meeting of the minds, [he] must come forward with specific circumstantial evidence that each member of the alleged conspiracy shared the same conspiratorial objective." Id. In other words, a plaintiff's evidence must, at least, reasonably lead to the inference that defendants "positively or tacitly came to a mutual understanding to try to accomplish a common and unlawful plan." Id.

As discussed above, Richardson has failed to demonstrate that actions of any of the defendants violated his constitutional rights, as is required to establish a civil conspiracy. Further, Richardson's unsupported conclusion of a conspiracy is insufficient to state a claim. See, e.g., Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (recognizing a plaintiff's basis for relief requires more than labels and conclusions). Accordingly, the court will dismiss this claim.

## VI.

Richardson also filed a motion for a preliminary injunction, asking the court to order the Virginia Department of Corrections to schedule an MRI and a neurosurgeon appointment for Richardson, as well as transfer him to another facility that can accommodate his medical needs. Because the court already found that Richardson's allegations in this case fail to state a constitutional claim, the court also finds that Richardson is not entitled to preliminary injunctive relief.

Preliminary injunctive relief is an extraordinary remedy that courts should apply sparingly. See Direx Israel, Ltd. v. Breakthrough Med. Corp., 952 F.2d 802, 811 (4th Cir. 1991). As a preliminary injunction temporarily affords an extraordinary remedy prior to trial that can be granted permanently after trial, the party seeking the preliminary injunction must demonstrate: (1) by a "clear showing," that he is likely to succeed on the merits at trial; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. See Winter v. Natural Res. Def. Council, Inc., 129 S. Ct. 365, 374-376, 172 L. Ed. 2d 249 (2008).

To justify an injunction before trial on the merits, it is incumbent upon the plaintiff to make a clear showing that he is likely to succeed at trial on the merits and that he is likely to suffer irreparable harm in the absence of the preliminary injunction. Id. at 374-76. The plaintiff must show that the irreparable harm he faces in the absence of relief is "neither remote nor speculative, but actual and imminent." Direx Israel, Ltd., 952 F.2d at 812.

Because the court has already determined that Richardson's allegations fail to state a claim of constitutional magnitude, the court finds that he cannot demonstrate by a "clear showing," that he is likely to succeed on the merits at trial. Accordingly, the court denies Richardson's request for injunctive relief.

## VII.

For the reasons stated herein, the court dismisses Richardson's § 1983 action for failure to state a claim pursuant to § 1915A(b)(1).

Entered: October 14, 2014

*Michael F. Urbanski*

Michael F. Urbanski
United States District Judge